UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                          15-cr-696 (PKC)

        -against-                                       ORDER

ANTHONY ROMAN,

                          Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Through counsel, defendant Anthony Roman has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc 110.)  Roman is incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey and has a projected release date of April 26, 2022.

        Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court has broad discretion and may consider all circumstances in combination or isolation.  See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); see also United States v. Roney, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) ("Prior to reducing a defendant's term

of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent they are applicable." (summary order; quotation marks omitted).

Roman submitted a request for a sentence reduction to the Bureau of Prisons, which was denied by the Warden of FCI Fort Dix, David E. Ortiz, on April 17, 2020. (Doc 110 – Ex. B.) More than thirty days have passed since this date, and the government does not contest administrative exhaustion. (Doc 112 at 3.) Upon release, Roman plans to stay with his father in Claremont, Florida. (Doc 110 at 14.)

The December 2016 Presentence Report identifies no significant health concerns beyond injuries to his hand and a toe. (PSR ¶¶ 57–59.) In his April 20, 2020 application to the Warden for "Home Confinement in light of the Cares Act," he makes no claim of a health-related nature. In his initial brief, Roman, who is 42, asserted that although he is not presently in a high-risk category of infection or being treated for any illness, he had a heart murmur as a child which was treated with medications. Current CDC guidance states that adults with heart conditions "might be at an increased risk for severe illness from COVID-19."[1] However, the guidance does not specify the impact of childhood heart conditions that are now dormant. Roman also pointed to statistics showing an increased risk of Latin American men to the severe effects of COVID-19. (Doc 110 at 8–9.) The Court acknowledges that the death rates for Latin American men have been higher than other demographics.

For the first time in his reply memorandum, Roman raises an October 2020 diagnosis of diabetes (A1C test of 6.9% with 6.4% as the threshold for diabetes) and obesity (BMI of 39), both of which put him at an elevated risk of severe illness from COVID-19 according to the CDC. (Doc 115 at 2.) His lawyer states that Roman's mother advised him that

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (last updated Dec. 29, 2021).

Roman recently tested positive for COVID-19. (Id.) Lastly, he notes that his father faces several health issues and would benefit from having Roman move in following his release.

The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit. Also, a person diagnosed with COVID-19 has greater control over the course of his medical treatment if he were at liberty rather than incarcerated.

Roman is housed at the Federal Correctional Institute in Fort Dix, New Jersey. The Court acknowledges that FCI Fort Dix is in the midst of a COVID-19 outbreak, as the BOP Website currently reports that 321 inmates of approximately 2,749 in total have confirmed active cases, along with 29 staff members.[2] Visiting is suspended until further notice. No deaths have been reported.

Taking full account of Roman's medical condition, the conditions at FCI Fort Dix, and the section 3553(a) factors, the motion will be denied.

On October 13, 2016, Roman entered a plea of guilty to one count of firearms trafficking and one count of possessing a firearm during and in relation to a drug trafficking crime (Doc 71.) As the Presentence Report (Doc 75 ("PSR")) sets out, in December 2014, Roman and two others purchased firearms in Ohio to resell them in New York City. (PSR at ¶ 16.) Roman was involved in the trafficking of over forty firearms, as well as narcotics. (Id. at ¶ 17.) The weapons varied from pistols to AR-15 rifles. (Id.)

Roman's advisory Guidelines range of imprisonment was between 90 to 97 months. (PSR at ¶ 78.) The Court sentenced him to 90 months imprisonment. In its statement

---

[2] See Covid-19 Cases, Federal Bureau of Prisons (last updated January 5, 2021), https://www.bop.gov/coronavirus/; see also George Woolston, *FCI Fort Dix sees 2nd COVID outbreak as active cases top 450*, Burlington County Times (January 5, 2021), https://www.burlingtoncountytimes.com/story/news/2020/12/30/fci-fort-dix-sees-2nd-covid-outbreak-active-cases-top-450-prison-coronavirus-new-jersey/4092150001/.

of reasons, the court noted that Roman's trafficking was "not a mistake, [it] was a business." (Doc 85 (Sentencing Tr.) at 10.)  Roman acted with "utter indifference to who he was selling to" and "could not care less what happened to those guns and where they were used, where they were possessed, or who might have been victimized by the guns." (Id. at 11.)  For that reason there was "a need to protect the public from further crimes of this defendant." (Id. at 11.)  The Court acknowledged Roman's struggle with substance abuse, but felt that a sentence of 90 months, at the low end of the Guidelines range, was appropriate to deter him from reverting back to these activities when released from prison.  (Id. at 9–12.)  Reducing Roman's sentence to time served would have the effect of reducing the sentence by approximately 15 months. His present projected release date is April 6, 2022.

        The Court has considered the need to protect the public from further crimes of Roman.  While in BOP custody, Roman has been sanctioned twice in 2020 for possessing a hazardous tool and a non-hazardous tool.  (Doc 115 – Ex. 3.)  According to the United States Sentencing Commission June 2019 Report on Recidivism Among Federal Firearms Offenders, the rate of recidivism for inmates released at or above age 41 is 60.1% compared to a 39.6% rate for other offenses.[3]  Thus, there is an identifiable need to protect the public from further crimes of Roman who was engaged in the business of illegally trafficking in firearms and acknowledged criminal responsibility for between 25 and 99 firearms. (PSR at ¶¶ 10, 32.)  The Court has also taken account of all the other section 3553(a) factors, including the seriousness of the offense, the need for just punishment, and Roman's history and characteristics.

---

[3] *Recidivism Among Federal Firearms Offenders*, United States Sentencing Commission, June 2019, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190627_Recidivism_Firearms.pdf.

The Court has also considered the time he has served in prison to date, his medical conditions, including his COVID-19 diagnosis and the health issues of his father. The Court has also considered the conditions at his BOP facility and the on-going Covid-19 pandemic. Though FCI Fort Dix is in the midst of an outbreak, they have consulted with several organizations on implementing a BOP plan to mitigate the COVID-19 risk within the prison. See Wragg v. Ortiz, 462 F. Supp. 3d 476, 508 (D. N.J. 2020). Taking all considerations both in isolation and in combination, the Court concludes that Roman has not demonstrated an extraordinary and compelling reason to reduce his sentence. The Clerk is directed to terminate the relevant docket entries (docs 110, 115).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 15, 2021